**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**
**SANTA FE DIVISION**

| | |
|---|---|
| **JERRY CUMBIE,**<br>**Individually and on behalf**<br>**of all others similarly situated,** § § § § | Civil Action No. _____ |
| *Plaintiff,* § § § | **JURY TRIAL DEMANDED** |
| **v.** § § § | **COLLECTIVE ACTION**<br>**PURSUANT TO 29 U.S.C. § 216(b)** |
| **PINTAIL ALTERNATIVE ENERGY, L.L.C.,**<br>**PINTAIL COMPLETIONS, LLC, and**<br>**MATTHEW HOUSTON,** § § § § | **CLASS ACTION**<br>**PURSUANT TO FED. R. CIV. P. 23** |
| *Defendants.* § | |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff—Jerry Cumbie—brings this action individually and on behalf of all current and former hourly employees (collectively, "Plaintiff and the Putative Collective/Class Members") who worked for Defendants—Pintail Alternative Energy, L.L.C., Pintail Completions, LLC, and Matthew Houston (collectively, "Pintail")—in New Mexico, and did not enter into a valid and binding arbitration agreement with Defendants, at any time from three years preceding the filing of the Original Complaint through the final disposition of this matter, seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201—19, and the New Mexico Minimum Wage Act ("NMMWA"), N.M. STAT. §§ 50-4-19 to -36.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. §216(b), while his NMMWA claims are asserted as a class action under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1.      This lawsuit includes a collective action pursuant to the FLSA to recover overtime wages and a Federal Rule of Civil Procedure 23(b)(3) class action pursuant to the state law of New Mexico to recover unpaid wages, overtime wages, and other applicable penalties.

2.      Plaintiff and the Putative Collective/Class Members are those current and former hourly employees who worked for Defendants, in New Mexico, and did not enter into a valid and binding arbitration agreement with Defendants, at any time from June 26, 2022, through the final disposition of this matter.

3.      Plaintiff and the Putative Collective/Class Members routinely work (and worked) in excess of forty (40) hours per workweek.

4.      Plaintiff and the Putative Collective/Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

5.      The decision by Defendants to not pay the correct amount of overtime compensation to Plaintiff and the Putative Collective/Class Members was neither reasonable nor in good faith.

6.      Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

7.      Plaintiff and the Putative Collective/Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or the NMMWA.

8.      Plaintiff and the Putative Collective/Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid overtime and other damages owed under the NMMWA as a class action pursuant to FED. R. CIV. P. 23.

9.      Plaintiff prays that all similarly situated hourly employees (Putative Collective/Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10.     Plaintiff also prays that the Rule 23/New Mexico Class is certified as defined herein, and that Plaintiff Cumbie be designated as the Class Representative.

## II.
## THE PARTIES

11.     Plaintiff Jerry Cumbie ("Cumbie") worked for Defendants within the relevant time period. Plaintiff Cumbie did not receive the proper amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12.     The Putative Collective Members include those current and former hourly employees who worked for Defendants, in New Mexico, and did not enter into a valid and binding arbitration agreement, at any time since June 26, 2022, and have been subjected to the same illegal pay system under which Plaintiff Cumbie worked and was paid.

13.     The New Mexico Class Members include those current and former hourly employees who worked for Defendants, in New Mexico, and did not enter into a valid and binding arbitration agreement, at any time since June 26, 2022, and have been subjected to the same illegal pay system under which Plaintiff Cumbie worked and was paid.

14.     Defendant Pintail Alternative Energy, L.L.C. ("Pintail Alternative") is a foreign limited liability company, registered to do business in the State of Texas, and may be served through its registered agent for service of process: **William L. Dismuke, 2000 East Boulevard, Suite 500, Arlington, Texas 76006.**

---

[1] The written consent of Jerry Cumbie is attached hereto as Exhibit A.

15.     Defendant Pintail Completions, LLC ("Pintail Completions") is a Texas limited

liability company, registered to do business in the State of Texas, and may be served through its

registered agent for service of process: **Matthew T. Houston, 6407A W. Industrial Ave., Midland,**

**Texas 79706.**

16.     Defendant Matthew Houston ("Houston") is the former president and current owner

of the Pintail Defendants, and may be served at: **1604 Winfield Road, Midland, Texas 79705, or**

**wherever he may be found.**

17.     Defendants are joint employers under the FLSA and the NMMWA. They have (or

had) common ownership, oversight and control over Plaintiff and the Putative Collective/Class

Members. As a result, all Defendants are responsible, both individually and jointly, for compliance

with all of the applicable provisions of the FLSA and the NMMWA, including the overtime provisions,

with respect to the entire employment for the workweeks at issue in this case.

## III.
## JURISDICTION & VENUE

18.     This Court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C.

§ 1331 as this is an action arising under 29 U.S.C. §§ 201—19.

19.     This Court has supplemental jurisdiction over the additional New Mexico state law

claims under 29 U.S.C. § 1367.

20.     This Court has general and specific personal jurisdiction over Defendants because

Plaintiff's claim arose in this District as a result of Defendants' conduct within this District and

Division.

21.     Venue is proper pursuant to 28 U.S.C. § 1391 in the District of New Mexico because

this is a judicial district where a substantial part of the events or omissions giving rise to the claim

occurred.

22.     Specifically, Defendants have maintained a working presence in New Mexico, and Plaintiff Cumbie worked in New Mexico throughout his employment with Defendants, all of which is located in this District and Division.

### IV.
### ADDITIONAL FACTS

23.     Pintail is an oilfield services company operating throughout West Texas and New Mexico.[2]

24.     Defendant Houston is the current president and former owner of Pintail.[3]

**Defendants are Joint Employers**

25.     Defendants are joint employers under the FLSA.

26.     Defendants directly hired Plaintiff and the Putative Collective/Class Members.

27.     Defendants controlled Plaintiff and the Putative Collective/Class Members' work schedules and conditions of employment.

28.     Specifically, Defendants set the weekly work schedules for all of Pintail's employees—including the Plaintiff and the Putative Collective/Class Members.

29.     Defendants also defined the primary work duties for all of Pintail's employees—including the Plaintiff and the Putative Collective/Class Members.

30.     Defendants set the job duties for Pintail's employees.

31.     Defendants had the power to alter Pintail's employees' job duties.

32.     Defendants determined Plaintiff and the Putative Collective/Class Members' rate and method of payment of wages.

---

[2] https://pintailcompletions.com.

[3] RPC, Inc. acquired Pintail in early 2025 – https://www.rpc.net/about/company-history/.

33.     Specifically, Defendants determined that Pintail would pay Plaintiff and the Putative Collective/Class Members an hourly rate plus bonuses.

34.     Defendants maintained control, oversight, and direction over Plaintiff and Putative Collective/Class Members including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

35.     Moreover, Houston created Defendants' illegal pay practice – that is, he chose to not pay Plaintiff and Putative Collective/Class Members the correct amount of overtime for all hours worked over forty each week.

36.     Defendants mutually benefitted from the work performed by Plaintiff and Putative Collective/Class Members.

37.     Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiff and Putative Collective/Class Members.

38.     Defendants shared the services of Plaintiff and Putative Collective/Class Members.

39.     Defendants acted directly in the interest of each other in relation to Plaintiff and Putative Collective/Class Members.

40.     Specifically, Defendants dictated the practice goals and what pressing or tactical items needed to be done in order to meet the goals of their clients.

41.     Defendants had the power to hire and fire Plaintiff and Putative Collective/Class Members.

42.     Defendant Houston hired at least one Pintail employee.

43.     Defendant Houston fired at least one Pintail employee.

44.     Defendants maintained Plaintiff and Putative Collective/Class Members' employment records.

45.     Defendant Houston has access to the employee payroll records maintained by Pintail.

46.      As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA and New Mexico state law, including the overtime provisions.

**Plaintiff and the Putative Collective/Class Members are Non-Exempt Hourly Employees**

47.      To provide their services, Defendants employed numerous hourly employees who were paid by the hour plus non-discretionary bonuses that were not included in the regular rate for the purposes of overtime calculation—including Plaintiff and the individuals that make up the putative or potential class.

48.      While exact job titles may differ, these workers were subjected to the same or similar illegal pay practices for similar work in the oilfield.

49.      Plaintiff Cumbie worked for Defendants in New Mexico from approximately November 2022 until February 2023.

50.      Plaintiff and the Putative Collective/Class Members' primary job duties included using wireline cables to lower tools and equipment into oil and gas wells to gather data, perform operations, and maintain well integrity.

51.      In addition to Plaintiff and the Putative Collective/Class Members' hourly wages, Defendants agreed to pay Plaintiff and the Putative Collective/Class Members monthly, non-discretionary bonuses as part of their employment.

52.      These non-discretionary monthly bonuses were not factored into Plaintiff and the Putative Collective/Class Members' regular rate of pay, thereby causing a miscalculation of the regular rate of pay for purposes of overtime compensation.

53.      Defendants denied Plaintiff and the Putative Collective/Class Members the correct amount of overtime pay as a result of a company-wide, illegal pay practice.

54.     Plaintiff and the Putative Collective/Class Members regularly worked eighty-four (84) hours each week or more throughout his employment with Defendants.

55.     Accordingly, Plaintiff and the Putative Collective/Class Members have not been properly compensated for all hours worked each week, including all hours worked in excess of forty (40) in a workweek at the rates required by the FLSA and NMMWA.

56.     Defendants were (and continue to be) aware of their obligation to pay overtime for all hours worked in excess of forty (40) each week at the rates required by the FLSA and NMMWA but have failed to do so.

57.     Because Defendants did not pay Plaintiff and the Putative Collective/Class Members overtime at the proper rate for all hours worked in excess of forty (40) each week, Defendants violated (and continue to violate) the FLSA and NMMWA.

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

A.     **FLSA COVERAGE**

58.     All previous paragraphs are incorporated as though fully set forth herein.

59.     The "FLSA Collective" and "FLSA Collective Members" are defined as:

**ALL HOURLY EMPLOYEES WHO WORKED FOR PINTAIL ALTERNATIVE ENERGY, L.L.C., PINTAIL COMPLETIONS, LLC, AND MATTHEW HOUSTON, IN NEW MEXICO, AND DID NOT ENTER INTO A VALID AND BINDING ARBITRATION AGREEMENT, AT ANY TIME FROM JUNE 26, 2022, THROUGH THE FINAL DISPOSITION OF THIS MATTER.**

60.     At all material times, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

61.     At all material times, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

62.    At all material times, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had, and have, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

63.    During the respective periods of Plaintiff and the FLSA Collective Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce for purposes of the FLSA.

64.    In performing the operations described hereinabove, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

65.    Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt employees who worked for Defendants and were engaged in oilfield services that were directly essential to the production of goods for Defendants and related oil and gas exploration and production companies. 29 U.S.C. § 203(j).

66.    At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

67.    In violating the FLSA, Defendants acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

68.     The proposed collective of similarly situated employees—that is, putative collective members—sought to be certified pursuant to 29 U.S.C. § 216(b) is defined in Paragraph 59.

69.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

**B.      FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

70.     All previous paragraphs are incorporated as though fully set forth herein.

71.     Defendants violated provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates.

72.     Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein; though Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

73.     Moreover, Defendants knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

74.     Defendants knew or should have known their pay practices were in violation of the FLSA.

75.     Defendants are sophisticated parties and employers and therefore knew (or should have known) their policies were in violation of the FLSA.

76.     Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Defendants to pay overtime in accordance with the law.

77.     The decision and practice by Defendants to not pay overtime was neither reasonable nor in good faith.

78.     Accordingly, Plaintiff and the Putative Collective Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.      FLSA COLLECTIVE ACTION ALLEGATIONS**

79.     All previous paragraphs are incorporated as though fully set forth herein.

80.     Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff Lyles.

81.     Other similarly situated employees have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

82.     The FLSA Collective Members are defined in Paragraph 59.

83.     Defendants' failure to pay the proper amount of overtime compensation results from generally applicable policies and practices and does not depend on the personal circumstances of the individual FLSA Collective Members.

84.     Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

85.     The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

86.     All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

87.    Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

88.    Indeed, the FLSA Collective Members are blue-collar oilfield workers entitled to the proper amount of overtime after forty (40) hours in a week.

89.    Defendants have employed a substantial number of similarly situated hourly employees in New Mexico since June 26, 2022.

90.    These workers are geographically dispersed, residing and working in locations across the United States.

91.    Because these workers do not have fixed work locations, they may work in different states across the country in the course of a given year.

92.    Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of their rampant violations.

93.    Moreover, individual litigation would be unduly burdensome to the judicial system.

94.    Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

95.    Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 59 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of the NMMWA)

**A.    NMMWA COVERAGE**

96.    All previous paragraphs are incorporated as though fully set forth herein.

97.    The "New Mexico Class" and "New Mexico Class Members" are defined as:

**ALL HOURLY EMPLOYEES WHO WORKED FOR PINTAIL ALTERNATIVE ENERGY, L.L.C., PINTAIL COMPLETIONS, LLC, AND MATTHEW HOUSTON, IN NEW MEXICO, AND DID NOT ENTER INTO A VALID AND BINDING ARBITRATION AGREEMENT, AT ANY TIME FROM JUNE 26, 2022, THROUGH THE FINAL DISPOSITION OF THIS MATTER.**

98.    At all material times, Defendants have been employers within the meaning of the NMMWA.

99.    At all material times, Plaintiff Cumbie and the New Mexico Class Members have been employees within the meaning of the NMMWA.

**B.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE NMMWA**

100.    All previous paragraphs are incorporated as though fully set forth herein.

101.    The NMMWA requires that employees receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week.

102.    Plaintiff Cumbie and the New Mexico Class Members have not been exempt from receiving overtime benefits under the NMMWA.

103.    Plaintiff Cumbie and the New Mexico Class Members worked more than forty (40) hours in workweeks during times relevant to this complaint, however, Defendants violated the NMMWA by failing to pay Plaintiff Cumbie and the New Mexico Class Members the proper amount of overtime for all hours worked over forty (40) per week.

104.    Plaintiff Cumbie and the New Mexico Class Members have suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein; though Defendants are in possession and control of necessary documents and information from which Plaintiff Cumbie and the New Mexico Class Members would be able to precisely calculate damages.

105.    In violating the NMMWA, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable New Mexico law.

106.    The proposed class of employees—that is, putative class members sought to be certified—pursuant to the NMMWA is defined in Paragraph 97.

107.    The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

## C.     NMMWA CLASS ALLEGATIONS

108.     Plaintiff Cumbie brings his NMMWA claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Defendants to work in New Mexico since June 26, 2022.

109.     Class action treatment of Plaintiff Cumbie's NMMWA claims is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

110.     The number of New Mexico Class Members is so numerous that joinder of all class members is impracticable.

111.     Plaintiff Cumbie's NMMWA claims share common questions of law and fact with the claims of the New Mexico Class Members.

112.     Plaintiff NMMWA is a member of the New Mexico Class, his claims are typical of the claims of the New Mexico Class Members, and he has no interests that are antagonistic to or in conflict with the interests of the New Mexico Class Members.

113.     Plaintiff Cumbie and his counsel will fairly and adequately represent the New Mexico Class Members and their interests.

114.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

115.     Accordingly, the New Mexico Class should be certified as in Paragraph 97.

## VI.
## RELIEF SOUGHT

116.     Plaintiff Cumbie respectfully prays for judgment against Defendants as follows:

a.     For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 59 and requiring

Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

b.    For an Order certifying the NMMWA Class as defined in Paragraph 97, and designating Plaintiff Cumbie as Representative of the NMMWA Class;

c.    For an Order approving the form and content of a notice to be sent to all potential FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

d.    For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

e.    For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

f.    For an Order pursuant to the NMMWA awarding Plaintiff and the New Mexico Class Members unpaid overtime and other damages allowed by law;

g.    For an Order awarding the costs and expenses of this action;

h.    For an Order awarding attorneys' fees;

i.    For an Order awarding pre-judgment and post-judgment interest at the maximum legal rate;

j.    For an Order awarding the Plaintiff a service award as permitted by law;

k.    For an Order compelling the accounting of the books and records of Defendants, at Defendants' own expense, should discovery prove inadequate; and

l.    For an Order granting all other proper relief.

Date:   June 26, 2025                           Respectfully submitted,

                                                **ANDERSON ALEXANDER, PLLC**

                                     By:        /s/ *Clif Alexander*
                                                **Clif Alexander**
                                                New Mexico Bar No. 20-178
                                                clif@a2xlaw.com
                                                **Austin W. Anderson**
                                                New Mexico Bar No. 20-168
                                                austin@a2xlaw.com
                                                **Lauren E. Braddy**
                                                New Mexico Bar No. 20-194
                                                lauren@a2xlaw.com
                                                101 N. Shoreline Blvd, Suite 610
                                                Corpus Christi, Texas 78401
                                                Telephone: (361) 452-1279
                                                Facsimile: (361) 452-1284

                                                ***Counsel for Plaintiff and the Putative***
                                                ***Collective/Class Members***